UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MILTON GERARD ESQUIBEL, | Case No. 4:11-cv-00544-BLW |
| Petitioner, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| STATE OF IDAHO, | |
| Respondent. | |

United States Magistrate Judge Ronald E. Bush conducted an initial review of Milton Gerard Esquibel's "Great Writ of Habeas Corpus," construed as a Petition for Writ of Habeas Corpus, and concluded that the Petition contained several deficiencies that prevented Petitioner from going forward. (Dkt. 7.) Judge Bush ordered Petitioner to respond, and Petitioner has now done so. Due to the lack of consent to proceeding before a United States Magistrate Judge, the case has since been reassigned to the undersigned District Judge. (Dkt. 8.)

The Court has reviewed the record, including Petitioner's Motion to Proceed, and agrees with Judge Bush's analysis and conclusions in the Initial Review Order. The statements and allegations in the Petition are disjointed and difficult to follow, but it appears that Petitioner is challenging the legality of his convictions in Cassia County Case No. CR-2009-6661, wherein he was convicted of misdemeanor charges for

**ORDER - 1**

contempt of court, disturbing the peace, resisting or obstructing officers, and threats against state elected officials.[1]

Interspersed among his comments in his Motion to Proceed about the "corporate names" of the various state entities involved and a list of apparently all of his filings in state court, Petitioner mentions in a conclusory fashion that his federal constitutional rights were violated during the state criminal proceedings. But the Court agrees with Judge Bush that Petitioner has failed to connect any alleged constitutional violations to a set of facts from which the Court could make out a federal claim for relief. Petitioner also seems to rely on state law, but the Court has no authority to issue a writ of habeas corpus to correct violations of state law. *See*, *e.g.*, *Swarthout v. Cooke*, 131 S.Ct. 859, 862–63 (2011) (reaffirming that federal habeas relief does not lie for errors of state law).

Judge Bush further concluded that it appeared that Petitioner had not properly exhausted his state court remedies as to any federal claim that he may have intended to raise. (Dkt. 7, p. 3.) Petitioner responds that he has satisfied the exhaustion requirement, though he indicates that his appeal to the Idaho Supreme Court was dismissed summarily for some unspecified reason. (Dkt. 8, p. 14.) Proper exhaustion requires a petitioner to have presented his or her federal claims to the highest state court in a *procedurally proper* manner. *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Here, because Petitioner's appeal was dismissed on procedural grounds without further action, he has

---

[1] The Court takes judicial notice of the register of actions in *State v. Esquibel*, Cassia County Case No. CR-2009-6661. *See* www.idcourts.us/repository.

**ORDER - 2**

not shown that he properly exhausted his state court remedies.

Accordingly, it plainly appears that Petitioner will not be entitled to relief in this Court, and the Petition will be dismissed. *See* Rule 4 of the Rules Governing Section 2254 Cases.

## CERTIFICATE OF APPEALABILITY

In the event Petitioner files a timely notice of appeal, the Court has on its own initiative evaluated this case for the suitability of a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases.

A habeas petitioner cannot appeal unless a COA has issued. 28 U.S.C. § 2253. A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

This Court does not believe that reasonable jurists would debate its determination that Petitioner has not stated grounds for federal habeas relief in his Petition or that he had failed to properly exhaust state court remedies. The Court will not issue a COA, though Petitioner is advised that he may still seek one in the Ninth Circuit Court of Appeals pursuant to Rule 22 of the Federal Rules of Appellate Procedure and Local Ninth Circuit Rule 22-1. To do so, he must first file a timely notice of appeal in this Court.

**ORDER - 3**

# ORDER

**IT IS ORDERED:**

1.      Petitioner's Motion to Proceed With Habeas Petition (Dkt. 8) is DENIED.

2.      The Petition is DISMISSED.

3.      A certificate of appealabilty will not issue in this case. If Petitioner files a

timely notice of appeal, and not until such time, the Clerk of Court shall

forward a copy of the notice of appeal, together with this Order, to the

Ninth Circuit Court of Appeals. The district court's file in this case is

available for review online at www.id.uscourts.gov.

DATED:  **February 13, 2013**



Honorable B. Lynn Winmill
Chief U. S. District Judge

**ORDER - 4**